UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY T. JONES,

    Petitioner,

v.                                         Case No. 2:20-CV-11993
                                            Hon. Arthur J. Tarnow
KRIS TASKILA,                       United States District Judge

    Respondent,
_____/

**OPINION AND ORDER: (1) DISMISSING AS DUPLICATIVE THE PETITION FOR WRIT OF HABEAS CORPUS, (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Timothy T. Jones, ("Petitioner"), incarcerated at the Baraga Maximum Correctional Facility in Baraga, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner challenges his conviction out of the Wayne County Circuit Court for two counts of aggravated stalking.  For the reasons that follow, the petition is summarily dismissed for being duplicative of an already pending habeas petition which challenges the same convictions.

Petitioner is serving two concurrent sentences of 1 year, 6 months to 5 years for aggravated stalking. Petitioner was convicted by a jury of aggravated stalking in Wayne County Circuit Court Case No. 17008365-01-FH on January 16, 2018.  A different jury found Petitioner guilty of another charge of aggravated

1

stalking in Wayne County Circuit Court Case No. 17008367-01-FH on April 12, 2018.

On May 27, 2020, petitioner filed a habeas corpus petition which expressly challenged both convictions and sentences in the United States District Court for the Eastern District of Michigan. *See Jones v. Taskila*, No. 4:20-cv-11476 (E.D. Mich.)(Leitman, J.).  Petitioner raised the following issues in this petition:

> I. I was never served with a[n] oral PPO, nor was I served physically with a PPO.
>
> II. I had requested for a new trial due to ineffective assistance of counsel. . . . I had also requested a blind draw for a new judge . . . [be]cause Judge Vonda R. Evans was far too combative and she demonstrated hostility toward me.
>
> III. On 1/10/2019, a motion for remand was filed with the Michigan Court of Appeals [because] I was never served with a PPO . . . cell phone records can provide evidence that I was never orally served . . . [and] the victim has also set me up . . . under the directions of the police.
>
> IV. The Courts didn't grant me the 246 days of jail time credit as documented on the transcripts.

Petitioner subsequently filed an amended habeas petition before Judge Leitman in Case No. 4:20-CV-11476.  The amended petition raises the following claims:

> I. Ineffective assistance of counsel; blind draw for a new judge.

2

II. Insufficient evidence; mistrial of evidence.

III. The victim had set me up under the directions of the police.

IV. On 4/11/2018 and on 4/12/2018 the courts ran a jury trial without my presence.

Additionally, petitioner argues that he was improperly denied credit for time served pending the imposition of sentence in the second case.

On July 1, 2020, petitioner filed a petition for writ of habeas corpus with the United States District Court for the Western District of Michigan, which was transferred to this district and opened under this case number. In his current petition, which is before this Court, petitioner challenges the same aggravated stalking convictions that he challenges in Case No. 4:20-cv-11476 and raises the identical claims that he raises in his amended habeas petition which is pending before Judge Leitman. No decision has been rendered in that case.

## I. DISCUSSION

The instant petition is subject to dismissal because it is duplicative of petitioner's pending habeas action in Case # 4:20-cv-11476 and raises the identical claims.

A suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *See Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999)(internal citations omitted). Petitioner's current habeas petition is subject to dismissal as being

3

duplicative of his still pending first habeas petition, because both cases seek the same relief. *Id.; See also Davis v. U.S. Parole Com'n*, 870 F. 2d 657 (Table), No. 1989 WL 25837, * 1 (6th Cir. Mar. 7, 1989)(district court can properly dismiss a habeas petition as being duplicative of a pending habeas petition, where the district court finds that the instant petition is essentially the same as the earlier petition); *Warren v. Booker*, No. 06-CV-14462-DT, 2006 WL 3104696, at * 1 (E.D. Mich. Oct. 31, 2006)(same). The instant petition challenges the same conviction as the petition in the case pending before Judge Leitman. Accordingly, this petition for writ of habeas corpus will be dismissed.

## II. CONCLUSION

The Court will summarily dismiss the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner

shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court denies petitioner a certificate of appealability because this petition is duplicative of his still pending habeas petition. *See Maske v. Murphy*, 357 F. App'x. 981, 982-83 (10th Cir. 2009). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### III. ORDER

IT IS ORDERED that the petition is SUMMARILY DISMISSED.

Petitioner is denied a certificate of appealability or leave to appeal *in forma pauperis.*

                                  s/Arthur J. Tarnow
                                  HON. ARTHUR J. TARNOW
                                  UNITED STATES DISTRICT JUDGE

Dated: August 3, 2020